IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                 *
RICHTER CORNBROOKS GRIBBLE       *
INC.
                                 *
      Plaintiff,
                                 *
          v.                          CIVIL NO.:  WDQ-09-1711
                                 *
BBH DESIGN, P.A.,
                                 *
      Defendant.
                                 *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

Richter Cornbrooks Gribble Inc. ("RCG") sued BBH Design, P.A. ("BBH") for breach of contract and unjust enrichment. Pending is BBH's motion to transfer venue to the Eastern District of North Carolina. For the following reasons, the motion will be denied.

I.   Background

RCG is an architectural firm based in Baltimore, Maryland with expertise in the design of nursing schools. Jonathan Fishman Decl. ¶ 2. BBH is an architectural firm based in Research Triangle Park, North Carolina. Douglas Hall Aff. ¶ 3, Sept. 15, 2009. On June 10, 2008, RCG and BBH executed a Letter of Intent for a proposal for the design and construction of a nursing school at North Carolina Central University ("NCCU").[1] Fishman Decl. ¶ 2,

---

[1] NCCU is operated by the State of North Carolina. Fishman Decl. ¶ 2.

11; Hall Aff. ¶ 7.  In February 2008, RCG and BBH made a presentation to NCCU.  Fishman Decl. ¶ 3.  On September 5, 2008, BBH and NCCU entered an agreement for the "Pre-Design, Planning and Programming Phase" of the nursing school.  Hall Aff. ¶ 11.

On October 6, 2008, RCG and BBH entered a Standard Form Agreement Between Architect and Consultant, which stated the services that RCG would provide and its fees.  Hall Aff. ¶ 13; Fishman Decl. ¶ 13.  Under this agreement, RCG provided services in Maryland and North Carolina and was paid $89,120 by BBH.  Hall Aff. ¶ 17.  On April 6, 2009, BBH sent RCG a letter of termination.  *Id.* ¶ 22.  On May 19, 2009, NCCU and BBH entered an agreement for the remainder of the NCCU project.  *Id.* ¶ 24.

On June 30, 2009, RCG sued BBH.  Paper No. 1.  On September 15, 2009, BBH filed a motion to change venue to the Eastern District of North Carolina.  Paper No. 12.

II. Analysis

A.  Standard of Review

Under 28 U.S.C. § 1404(a),[2] "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where

---

[2] This provision "was enacted to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Dicken v. United States,* 862 F.Supp. 91, 92 (D. Md. 1994)(*citing Van Dusen v. Barrack,* 376 U.S. 612 (1964) and *Norwood v. Kirkpatrick,* 349 U.S. 29 (1955)).

it might have been brought."[3]  Unless the balance of these factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."[4]  The moving party has the burden to show that transfer to another forum is proper.  *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

On a motion to transfer, the Court first asks whether the action could have been brought in the transferee district.[5]  If so, then the Court considers: (1) the weight accorded to the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice. *Lynch*, 237 F. Supp. 2d at 617.  The Court's decision "turn[s] on the particular facts of the case," and "all the relevant factors to determine whether . . . on balance the litigation would more conveniently proceed and the interests of justice be better served

---

[3]  "[T]he statute provides no guidance as to the weight given . . . [to] . . . the factors[.]"  *Byerson v. Equifax Info. Servs.*, *LLC*, 467 F. Supp. 2d 627, 632 (E.D. Va. 2006); 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3847 (2005) (collecting cases).  Some courts consider convenience the most important factor; others have stated that "[t]he interest of justice may be decisive . . . even though the convenience of the parties and witnesses point in a different direction."  *Byerson*, 467 F. Supp. 2d at 635; 15 Wright, Miller & Cooper, § 3854 (collecting cases).

[4]  *Collins v. Straight Inc.*, 748 F.2d 916, 921 (4th Cir. 1984)(*quoting Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)); *see also Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008).

[5]  Transfer is proper where the transferee court is a proper venue and has personal jurisdiction over the defendant.  *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).  Under 28 U.S.C. § 1391(b), venue is proper in a judicial district where (1) any defendant resides or (2) the claim arose.

by transfer to a different forum." *Byerson*, 467 F. Supp. 2d at 632; 15 Wright, Miller & Cooper, § 3847.  The decision to transfer is "committed to the discretion of the district court." *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984); *Tech USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 857 (D. Md. 2009).

B.   Motion to Transfer Venue[6]

1.   Weight Accorded RCG's Choice of Venue

"Ordinarily, a plaintiff's choice of forum is entitled to substantial weight." *Lynch*, 237 F. Supp. 2d at 617.  But, when the chosen forum is not the plaintiff's home or has little connection to the events giving rise to the litigation, less weight is given to the plaintiff's choice. *Tse v. Apple Computer*, 2006 WL 2583608, at *2 (D. Md. Aug. 31, 2006).  RCG filed suit in the District of Maryland, its home jurisdiction and where it entered the agreement with BBH.  Thus, RCG's choice of venue is entitled to considerable weight.

2.   Witness Convenience and Access

"The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting

---

[6]   BBH asserts that the Eastern District of North Carolina is a proper venue and would have personal jurisdiction because BBH is a resident of that jurisdiction and a substantial part of the parties' dealings occurred in North Carolina.  Def.'s Mot. 8-9. RCG has not refuted this assertion.  It is uncontested that this action could have been filed in the Eastern District of North Carolina.

the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconven-ience." *Koh v. Microtek Int'l*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003).[7] BBH has provided a single affidavit from Douglas Hall, the co-founding partner of BBH, in support of its motion. Hall has named several non-party witnesses located in North Carolina and stated their potential connection to the suit. But he has not proffered their testimony nor shown the inconvenience that travel to Maryland would impose on them.[8] BBH has failed to show that witness convenience favors transfer.

3.   Convenience of the Parties

"[W]hen plaintiffs file suit in their home forum, convenience to parties rarely, if ever, operates to justify transfer." *Bd. of Trustees., Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1259 (E.D. Va. 1988).

---

[7] *See also CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, (D. Md. 2009)("[T]he defendant should submit affidavits from witnesses and parties involved that explain the inconvenience and hardship he would suffer if the case were heard in the plaintiff's chosen forum."). Any party asserting witness inconvenience must make a particularized showing. *See Bd. of Trustees v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988)("Witness convenience is often dispositive in transfer decisions . . . [but it] cannot be assessed in the absence of reliable information identifying the witnesses involved and specifically describing their testimony.").

[8] That the non-party witnesses in North Carolina would be beyond the subpoena power of this Court does not favor transfer because BBH has failed to show that video depositions or another alternative to live testimony would be insufficient.

Here, RCG sued in its home jurisdiction, and BBH seeks a transfer to its home jurisdiction, the Eastern District of North Carolina. As transfer would merely "shift the balance of inconveniences" from BBH to RCG, this factor is neutral. *Id.*

### 4.   Interest of Justice

The interest of justice "is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005)(*quoting Sheet Metal Workers*, 702 F. Supp. at 1260).[9]  BBH argues that the interest of justice favors transfer because North Carolina law applies, and this is a matter of local concern there.  Def.'s Mot. 11, 13-14.[10]

A court's familiarity with the applicable law is a factor to consider in the interest of justice analysis. *Lynch*, 237 F. Supp.

---

[9]  "Such factors may include . . . the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties and the possibility of harassment." *Sheet Metal Workers*, 702 F. Supp. at 1260.  This factor does not include the merits of the plaintiff's claims.  This court will not consider BBH's argument that the "weakness" of RCG's claims favors transfer.  Def.'s Reply 8.

[10]  RCG has argued that administrative concerns and relative docket conditions favor maintaining this action in the District of Maryland because there are fewer judicial vacancies here than in North Carolina.  Pl.'s Mot. 4.  Judicial vacancies in Maryland have recently increased.  *See* Paul West, *Maryland Senators Propose 3 for District Judgeships*, Baltimore Sun, Dec. 12, 2009, *available at* http://www.baltimore sun.com/news/maryland/bal-md.nominees12dec12,0,2238772.story.

2d at 618.  When state law applies in a diversity case, transfer to a district in the state whose law will govern the claims is favored.[11]  This consideration is given "significantly less weight when the case involves basic or sufficiently well-established . . . issues of state law or when there is no reason to believe that the applicable law of the forum differs markedly from the law of the proposed transferee state."  15 Wright, Miller & Cooper, § 3854 at 287-289.  BBH contends that this suit should be transferred because North Carolina law will control the contract claims.  Def.'s Mot. 13-14.  BBH has not argued that the case will turn on arcane principles of North Carolina law.  That North Carolina law may apply does not strongly favor transfer to that jurisdiction.

BBH also contends that this is a matter of "local concern" because the dispute involves work at NCCU and North Carolina has a substantial interest in the outcome.  Def.'s Mot. 10.  RCG disagrees and argues that this dispute involves "the meaning of a contract" and "[i]t does not matter that the University facility, when built, will be physically located in North Carolina."  Pl.'s Opp. 4.  Because North Carolina is not a party to this suit and

---

[11]  *See Ugol v. Nemacolin Woodlands, Inc.*, WL 1230214, at *2 (D. Md. 2005)(*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, (1947)); 15 Wright, Miller & Cooper, § 3854 at 286 ("In diversity of citizenship cases, in which state law provides the substantive rule of decision, it generally is thought to be an advantage in having that law applied by federal judges who are familiar with the governing state law, and thus in trying the case in a district of the state whose law is to govern.").

its interest in the outcome of this dispute is unclear, this
consideration is entitled to little weight.

Because great deference is given to RCG's choice of forum and
no factor strongly favors transfer, BBH's motion to transfer venue
will be denied.


December 17, 2009                    _____/s/_____
Date                                 William D. Quarles, Jr.
                                     United States District Judge